UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>NICOLE LOPEZ,<br><br>  Defendant | Case No.: 2:18-cr-00340-APG-VCF<br><br>**ORDER (1) GRANTING MOTION TO SEAL, (2) APPOINTING COUNSEL, AND (3) GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>[ECF Nos. 84, 85, 87] |

Defendant Nicole Lopez moves to terminate her supervised release early. ECF No. 87. The United States Attorney does not oppose and the Probation Office defers to me. She also moves for appointment of the Federal Defender as her counsel and to seal her financial affidavit. ECF Nos. 84, 85. I grant all three motions.

Modification or termination of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Ms. Lopez was convicted of conspiracy to distribute a controlled substance and being a felon in possession of a firearm. ECF No. 61. Obviously these crimes warrant punishment. The conditions of her supervised release have protected the public and deterred Ms. Lopez from committing additional crimes.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Judicial Conference's Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(c) provides that, for an offender who satisfies the minimal statutory factors, at 18 months there is a presumption in favor of early termination if the offender (1) does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C.

§ 994(h)) or has not committed a sex offense or engaged in terrorism; (2) presents no identified risk of harm to the public or victims; (3) is free from any court-reported violations over a 12-month period; (4) demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) is in substantial compliance with all conditions of supervision; and (6) engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Ms. Lopez satisfies this presumption. She has completed over 20 months of supervised release. She has properly performed while on supervised release, completed substance abuse treatment, maintained employment, and created a healthy and happy life for herself and her family. She does not present a risk to the public or victims. I congratulate her on her efforts to overcome her past difficulties and on becoming a contributing member of society. I wish her success and good fortune going forward. The present circumstances justify early termination of supervised release.

I THEREFORE ORDER that Ms. Lopez's motion for appointment of counsel **(ECF No. 84) is granted**. The Federal Defender is appointed as her counsel.

I FURTHER ORDER that Ms. Lopez's motion to seal **(ECF No. 85) is granted**. The financial affidavit filed at ECF No. 86 shall remain sealed.

I FURTHER ORDER that Ms. Lopez's motion for early termination of supervised release **(ECF No. 87) is GRANTED** and her supervised release is terminated immediately.

DATED this 30th day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE